Slip Op. 19-42

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **HUSTEEL CO., LTD., HYUNDAI STEEL COMPANY, SEAH STEEL CORPORATION, and NEXTEEL CO., LTD.,**<br><br>    **Plaintiff and Consolidated Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br>**and**<br><br>**CALIFORNIA STEEL INDUSTRIES, TMK IPSCO, WELSPUN TUBULAR LLC USA, and MAVERICK TUBE CORPORATION,**<br><br>    **Defendant-Intervenors and Consolidated Defendant-Intervenors.** | **Before Claire R. Kelly, Judge**<br><br>**Consol. Court No. 18-00169** |

## OPINION AND ORDER

[Granting Defendant's motion for partial dismissal and partially dismissing consolidated plaintiff SeAH Steel Corporation's complaint.]

Dated: April 5, 2019

Jeffrey M. Winton, Amrietha Nellan, Law Office of Jeffrey M. Winton PLLC, of Washington, DC, for consolidated plaintiff SeAH Steel Corporation.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, L. Misha Preheim, Assistant Director. Of Counsel on the brief was Reza Karamloo, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Kelly, Judge: Before the court is Defendant's motion for partial dismissal of Consolidated Plaintiff SeAH Steel Corporation's ("SeAH") complaint contesting the U.S. Department of Commerce's ("Commerce") final determination in the 2015–2016 administrative review of the antidumping order on welded line pipe ("WLP") from the Republic of Korea ("Korea"). Def.'s Mot. for Partial Dismissal, Dec. 3, 2018, ECF No. 32; SeAH's Compl., Aug. 13, 2018, ECF No. 7, SeAH Steel Corp. v. United States, Ct. No. 18-00177 (USCIT filed Aug. 13, 2018); [WLP] from [Korea]: Final Results of Antidumping Duty Admin. Review, 2015–2016, 83 Fed. Reg. 33,919 (Dep't Commerce July 18, 2018) and accompanying Issues and Decision Mem. for the Final Results of the 2015-2016 Admin. Review of the Antidumping Duty Order on [WLP] from Korea, A-580-876 (July 11, 2018), available at https://enforcement.trade.gov/frn/summary/korea-south/2018-15327-1.pdf (last visited Apr. 1, 2019); [WLP] from [Korea]: Amended Final Results of Antidumping Duty Admin. Review, 2015–2016, 83 Fed. Reg. 39682 (Dep't Commerce, Aug. 10, 2018) (issuing notice of correction of ministerial error).

### BACKGROUND

SeAH filed its complaint on August 13, 2018. See SeAH's Compl. The proceedings initiated by SeAH were later consolidated into the present action. Order, Sept. 28, 2018, ECF No. 28 (consolidating cases Husteel Co. v. United States, Ct. No. 18-00169 (USCIT filed Aug. 2, 2018); Hyundai Steel Co. v. United States, Ct. No. 18-00173 (USCIT filed Aug. 9, 2018); SeAH Steel Corp. v. United States, Ct. No. 18-00177 (USCIT filed Aug. 13, 2018); and, NEXTEEL Co. v. United States, Ct. No. 18-00178 (USCIT filed Aug. 14, 2018), into the present proceeding).

On December 3, 2018, Defendant filed a motion for partial dismissal. Def.'s Mot. for Partial Dismissal. Defendant seeks dismissal of paragraph ten of SeAH's complaint under USCIT R. 12(b)(6) for failure to state a claim upon which relief can be granted. Paragraph ten of SeAH's complaint states:

> Finally, Plaintiff believes that Commerce's determination may have contained other errors of law and fact that will become more apparent after a full review of the administrative record.

SeAH's Compl. ¶ 10. SeAH filed a response on January 7, 2019. Pl.'s Resp. to Def.'s Mot. for Partial Dismissal, Jan. 7, 2019, ECF No. 33 ("SeAH's Resp."). Defendant subsequently filed a reply to SeAH's response on February 21, 2019. Def.'s Reply in Supp. of Its Mot. for Partial Dismissal, Feb. 21, 2019, ECF No. 45 ("Def.'s Reply").[1]

On September 11, 2018, Commerce filed the index of the administrative record in accordance with USCIT R. 73.2(b). See Admin. Record for U.S. Department of Commerce, Sept. 11, 2018, ECF No. 25. SeAH filed its motion for judgement on the agency record and supporting brief ("SeAH's Brief") on February 1, 2019. Mot. of Pl. SeAH Steel Corp. for J. on Agency R., Feb. 1, 2019, ECF No. 38; Br. of SeAH Steel Corp. in Supp. of Its Rule 56.2 Mot. for J. on the Agency R., Feb. 1, 2019, ECF No. 38-1. Since receiving the administrative record, SeAH has not sought to amend paragraph ten of its

---

[1] Defendant previously filed a motion seeking a more definite statement of paragraph ten of SeAH's complaint. See Def.'s Mot. for a More Definite Statement, Aug. 30, 2018, ECF No. 20, SeAH Steel Corp. v. United States, Ct. No. 18-00177 (USCIT filed Aug. 13, 2018). The court denied this motion on the basis that a party may not file an answer to a complaint in an action described in 28 U.S.C. § 1581(c) (such as the present case), and that a party may only move for a more definite statement of a pleading to which a responsive pleading is allowed. See Order, Oct. 30, 2018, ECF No. 31; see also USCIT R. 7(a)(2), 12(e). Defendant argues that the Court's dismissal of the motion for a more definite statement was solely on procedural grounds which do not affect the merits of the subsequent motion for partial dismissal. See Def.'s Mot. for Partial Dismissal at 5. The court agrees with Defendant.

complaint.  SeAH's Brief did not include any claim which relied on paragraph ten of its complaint.

## JURISDICTION

The Court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012),[2] and 28 U.S.C. § 1581(c).  For the reasons below, the court grants Defendant's motion for partial dismissal.

## DISCUSSION

Defendant argues that paragraph ten of SeAH's complaint "makes no allegation and provides no information regarding its claims" and thus fails to meet the requirement in USCIT R. 8(a)(2) that a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  See Def.'s Mot. for Partial Dismissal at 2–3.  Defendant argues that this failure denies it fair notice of the claims at issue in the action.  Id. at 4–5; Def.'s Reply at 3–4.  SeAH responds that paragraph ten did not deny Defendant fair notice.  See SeAH's Resp. at 2–3.  SeAH also argues that paragraph ten was justified because, at the time of filing the complaint, SeAH was not aware of what information would be included in the record.  See id. at 2.  For the reasons that follow, paragraph ten of SeAH's complaint fails to meet the requirements of USCIT R. 8(a)(2).

USCIT R. 8(a)(2) requires that a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As explained by Ashcroft v Iqbal, this rule:

> does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the

---

[2] Further references to statutes are to the 2012 edition of the U.S. Code, and all references to regulations are to the 2017 edition of the Code of Federal Regulations.

elements of a cause of action will not do." . . . Nor does a complaint suffice
if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 556 U.S. 662, at 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)) (discussing Fed. R. of Civ. P. 8(a)(2)).[3] "The '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Sioux Honey Ass'n v. Hartford Fire Ins. Co., 672 F.3d 1041, 1062 (Fed. Cir. 2012) (quoting Twombly, 550 U.S. at 555). To comply with Rule 8(a)(2), pleadings must also "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a claim in a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[4]

Paragraph ten of SeAH's complaint states no specific errors of law or fact. SeAH simply claims there may be "other errors of law and fact" that "will become more apparent after a full review of the administrative record." SeAH's Compl. ¶ 10. Paragraph ten does

---

[3] Fed. R. of Civ. P. 8(a)(2) also requires that a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As Fed. R. of Civ. P. 8(a)(2) is identical to USCIT R. 8(a)(2), Iqbal and Twombly are applicable to USCIT R. 8(a)(2).

[4] Actions described under 28 U.S.C. § 1581(c) have a special procedural structure defined by the USCIT Rules which could impact the interpretation of USCIT R. 8(a)(2) with respect to pleadings in such proceedings. See USCIT R. 7(a)(2); USCIT R. 56.2; 2 James WM. Moore, Moore's Federal Practice, § 8.02[2] (3rd ed. 2017) (stating, in relation to Fed. R. of Civ. P. 8, that "Rule 8 interrelates, and is construed together with, the other federal rules of civil procedure."). However, the parties have not argued that this special procedure affects the Iqbal and Twombly standard as applied to pleadings made in an action described under 28 U.S.C. § 1581(c). This court has applied the standard for USCIT R. 8(a)(2) as described in Iqbal and Twombly to a complaint in actions described under 28 U.S.C. § 1581(c) and regulated by USCIT R. 56.2. See Nantong Uniphos Chemicals Co. v. United States, 41 CIT __, Slip Op. 17–131 (Sept. 26, 2017) (granting a motion for a more definite statement on the basis of a failure to meet the requirements of USCIT R. 8(a)(2)); see also Order, Sep. 24, 2018, ECF No. 30, Hyundai Steel Co. v. United States, Ct. No. 18-00154 (USCIT filed June 28, 2018) (order granting motion for a more definite statement following motion alleging that plaintiff's pleading failed to meet requirements of USCIT R. 8(a)(2)). The court sees no grounds in the present case to treat actions described under 28 U.S.C. § 1581(c) as exempt from the standard described in Iqbal and Twombly.

not state a claim to relief that is plausible of its face because it contains no statement of factual or legal error whatsoever.

The vague and open-ended nature of paragraph ten of SeAH's complaint denies the other parties fair notice of the scope of SeAH's claims. Paragraph ten is not limited to matters arising from record information of which for some reason SeAH may not have been aware. Rather, it purports to capture any "errors of law or fact" which, at some later point in time, may become "more apparent" to SeAH following a full review of the administrative record. See SeAH's Compl. ¶ 10. As Defendant describes, paragraph ten has the "capacity to work mischief that is contrary to the interests of judicial efficiency and economy." Def.'s Reply at 3. Paragraph ten potentially allows for procedural complications by providing scope for SeAH to assert unexhausted or frivolous claims, claims outside of the Court's jurisdiction or those otherwise subject to early dismissal. Vague pleadings, such as paragraph ten, can also affect the ability of the parties to file a Joint Status Report under USCIT R. 56.2(a) and prevent a response to claims that may be appropriately dealt with by a defendant's request for remand or other corrective action. Furthermore, allowing claims such as paragraph ten of SeAH's complaint can encourage withholding of claims at the early stages of proceedings and work against the court's interest in administering the "just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1.

SeAH argues that paragraph ten did not deny Defendant fair notice because the claims SeAH can raise are limited by the requirement of administrative exhaustion. See SeAH's Resp. at 3; see also 28 U.S.C. § 2637(d) (requiring that "the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies"); 19

C.F.R. § 351.309(c)(2) (requiring that a party's administrative case brief "present all arguments that continue in the submitter's view to be relevant to the Secretary's final determination"). However, the requirement that claims be exhausted at the administrative level does not diminish the importance of fair notice for pleadings in judicial review of administrative determinations. In some instances, a court can waive administrative exhaustion requirements. Corus Staal BV v. United States, 30 CIT 1040, 1048–50 & n.11 (2006) (laying out the exceptions: pure legal question, denial of access to the confidential record, intervening judicial interpretation, and futility in raising the argument on the administrative level), aff'd, 502 F.3d 1370 (Fed. Cir. 2007). Further, granting plaintiffs complete freedom to initiate claims during the proceedings after a further review of the record would unduly prejudice the government's attempt to allocate resources. The U.S. Department of Justice, and other parties, should be allowed to prepare their own briefs on the basis of the specific matters challenged by a party to the administrative proceeding.

SeAH further argues that paragraph ten of its complaint was necessary because at the time it filed its complaint, the full record index had not yet been filed. SeAH's Resp. at 2. SeAH acknowledges that, as a respondent in the administrative proceedings, it was aware of documents served on it by other parties, as well as its own submissions. Id. Nonetheless, SeAH argues that prior to the filing of the full record index, "it had no way of knowing whether there were other documents that Commerce considered part of the record that had not been disclosed to it." Id. Defendant responds that SeAH's argument is merely speculative as SeAH had access to all relevant record information during the administrative proceeding and, regardless, has had access to the complete record since

it was filed on September 11, 2018.  See Def.'s Mot. for Partial Dismissal at 5; Def.'s Reply at 2–3.

The relevant statutory provisions and regulations make clear that SeAH, as a respondent in the administrative proceedings, was in a position to be aware of all relevant information in the record at the time it filed its complaint.[5]  Commerce was required to state the "facts and conclusions" supporting its final determination, and during the proceedings SeAH had access to the record as it developed.  See 19 U.S.C. § 1677f(i)(1). SeAH has not complained that there are confidential documents to which it has not had access.  Were Commerce to surprise SeAH by including documents on the record to which SeAH had not previously had access and which materially impacted Commerce's determination, SeAH could seek to amend its pleadings.  See USCIT R. 15(1) (allowing for amendment as a matter of course in certain circumstances), 15(2) (allowing for amendments in all other cases with leave of the court or consent from the opposing parties, and specifying that the court "should freely give leave when justice so requires").

---

[5] For an action described under 28 U.S.C. § 1581(c), "[t]he court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  The statute describes that the record (unless otherwise stipulated by the parties) is comprised of copies of "all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings," as well as "a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register."  19 U.S.C. § 1516a(b)(2)(A)(i)–(ii).  Commerce is required to maintain an official record of each antidumping and countervailing duty proceeding.  See 19 C.F.R. 351.104(a)(1).  In making a determination, Commerce must "publish the facts and conclusions supporting that determination, and shall publish notice of that determination in the Federal Register."  19 U.S.C. § 1677f(i)(1).  Access to confidential record information can be restricted, but any written information submitted by a party and subject to a protective order must be served on all interested parties who are parties to the proceeding.  See 19 U.S.C. § 1677f(d).  Business proprietary information is served upon interested parties who are covered by a protective order, and a non-confidential summary is served upon all other interested parties in the proceeding.  See id.

The possibility of Commerce failing to comply with its obligation to maintain the record or state all the "facts and conclusions" supporting its final determination does not, in these proceedings, justify an open-ended claim in the manner of paragraph ten of SeAH's complaint.

SeAH's argument that it did not have access to the record at the time of filing its complaint is also undermined by the fact that it has subsequently been given access to the record index. The record index was filed by Commerce on September 11, 2018, and lists all documents which compose the administrative record for these proceedings. See Admin. Record for U.S. Department of Commerce, Sept. 11, 2018, ECF No. 25. Since having access to the record index SeAH has not sought to amend its complaint. See Def.'s Reply at 2. As such, SeAH's argument that paragraph ten of its complaint is justified because SeAH did not have access to relevant record information has no foundation at this stage of the proceedings.

Finally, SeAH argues in its response to Defendant's motion for partial dismissal (filed prior to SeAH's Brief) that the court should either deny Defendant's motion as moot or, if SeAH introduces any claims in its motion for judgment on the administrative record reliant on paragraph ten of its complaint, require further justification from SeAH as to why such arguments were not properly detailed in the complaint. See SeAH's Resp. at 3–4. As SeAH's Brief did not introduce any argument reliant on paragraph ten of its complaint, the question remains whether Defendant's motion to partially dismiss is moot. Defendant argues the motion to partially dismiss is not moot because paragraph ten of SeAH's complaint allows for the possibility that SeAH may later assert, whether in its reply brief or at oral argument, that a claim not specifically articulated elsewhere in its complaint was

always intended under paragraph ten.  See Def.'s Reply at 4 (citing e.g., Apex Frozen Foods Private Ltd. v. United States, 38 CIT __, __, 37 F. Supp. 3d 1286, 1298 (2014), aff'd, 862 F.3d 1322 (Fed. Cir. 2017)).  Defendant further argues that, in consolidated proceedings such as these, SeAH could rely on paragraph ten of its complaint to seek relief awarded to another party, even if not specifically sought by SeAH in its pleadings. See Def.'s Reply at 4.  The court agrees with the Defendant that the motion to dismiss is not moot because paragraph ten of SeAH's complaint still provides SeAH the opportunity to assert new claims.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Partial Dismissal is granted.  Accordingly, it is

**ORDERED** that paragraph ten of the complaint filed by Consolidated Plaintiff SeAH Steel Corporation in Ct. No. 18-00177 is dismissed.

 /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: April 5, 2019
       New York, New York